UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **HELEN SWARTZ, Individually,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 20-cv-00321 |
| : | |
| **GRJ MIDDLETOWN LLC,** : | |
| **d/b/a RAMADA MIDDLETOWN** : | |
| : | |
| **Defendant.** : | |

### DEFENDANT'S ANSWER

Defendant, GRJ MIDDLETOWN LLC, a Rhode Island limited liability company, responds to the Plaintiff's Complaint paragraph by paragraph as follows:

### COMPLAINT
(Injunctive Relief Demanded)

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the preamble to the Complaint.

1. Admitted.

2. Admitted.

3. Paragraph 3 states a legal conclusion to which no response is required. Defendant denies any allegations against Defendant alleging violations.

4. Defendant denies any allegations that the property has architectural barriers that have impaired its use or created any safety issues. As to the balance of the allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Admitted.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies such allegations.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required Defendant denies such allegations.

**WHEREFORE**, Defendant denies that the Plaintiff is entitled to relief in any amount.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert some or all of the claims set forth in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to identify any specific accommodations that would materially improve the accessibility of the Defendant's facility.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has been afforded full and equal access to and enjoyment of the Defendant's facility.

**FIFTH AFFIRMATIVE DEFENSE**

The alleged architectural barriers to access identified by the Plaintiff, to the extent they exist, cannot be readily and feasibly removed without undue burden and expense.

**SIXTH AFFIRMATIVE DEFENSE**

The alleged architectural barriers to access identified by the Plaintiff, to the extent they exist, do not deny the Plaintiff effective access to Defendant's facility.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred because the Plaintiff has failed to exhaust required administrative remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant has not engaged in, and is not engaging in, discrimination based on disability within the meaning of ADA.

**NINTH AFFIRMATIVE DEFENSE**

The modifications to the Defendant's facility are not required because they are structurally impracticable and not readily achievable.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to injunctive relief because she has not alleged a cognizable claim of future injury.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not encountered any barriers to access to the Defendant's facility within the meaning of Americans with Disabilities Act.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from bringing this Complaint on the basis of information she intends to acquire through inspection and discovery subsequent to filing of the Complaint regarding

architectural barriers that may exist at the Defendant's facility but which were not specifically alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim asserted, is barred by the doctrine of assumption of the risk.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant says that if the Plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the Defendant is not legally responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim asserted, is barred by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim asserted, is barred by the doctrine of estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim asserted, is barred by the doctrine of assumption of risk. Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof, and did so with the intent to seek out a lawsuit and compound damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable diligence to mitigate her damages, if any, as alleged in the Complaint, and said conduct was the sole and proximate cause of said injuries.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks Article III standing to assert claims for injunctive and/or declaratory relief, and Plaintiff lacks standing to assert claims for injunctive and/or declaratory relief unrelated to her disability.

### TWENTIETH AFFIRMATIVE DEFENSE

The violations of which Plaintiff complains are within the dimensional tolerances allowed by state and federal laws, regulations, code and guidelines.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Some or all of the alleged violations and proposed changes are impracticable, unnecessary, unduly burdensome, and infeasible.  Moreover, reasonable alternative methods/measures providing access to individuals with disabilities with equivalent facilitation or otherwise to the maximum extent feasible are utilized.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief and declaratory relief are moot.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to add such other and further defenses as become apparent in the course of discovery.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That all relief sought in the Complaint against Defendant be denied;

2. That Plaintiff's Complaint be dismissed, with prejudice, in its entirety;

3. For an award against Plaintiff, and in favor of Defendant, for costs of suit and attorney's fees incurred; and

4. For such other and further relief as the court deems proper.

### JURY CLAIM

DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

        Defendant,
GRJ MIDDLETOWN LLC
d/b/a RAMADA MIDDLETOWN
By its attorneys,

/S/  David P. Martland
David P. Martland, Esq.  RI Bar #5796
SILVA, THOMAS, MARTLAND
& OFFENBERG, LTD.
1100 Aquidneck Avenue
Middletown, RI  02842
(401)849-6200
(401)849-1820 FAX
dmartland@silvalawgroup.com

Dated:  August 24, 2020

## CERTIFICATE OF SERVICE

      I hereby certify that on August 24, 2020, a true copy of this document was filed electronically via the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System.

/s/ David P Martland